UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCELUS EDWARD GOODWIN, ) | |
| ) | |
| **Plaintiff,** ) | |
| v.  ) | No.: 21-cv-4117-MMM |
| ) | |
| KNOX COUNTY JAIL, ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW

Plaintiff is proceeding *pro se* under 42 U.S.C. § 1983 on a claim originally filed in the Northern District of Illinois and transferred to the Central District of Illinois pursuant to 28 U.S.C. § 1391(b). Plaintiff alleges that he was subjected to excessive force, inhumane conditions of confinement, and perhaps, deliberate indifference to his serious medical needs at the Knox County Jail ("Jail").

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1

## MATERIAL FACTS

On January 26, 2021, Plaintiff was transferred to Amax cell #113. Upon entering the cell, Plaintiff noticed the smell of urine and feces. Plaintiff complained to the unidentified escorting officer who denied smelling anything objectionable. The following day, Plaintiff spoke with inmates in adjoining cells who told him that the former occupant had spread urine and feces throughout the cell, including the food slot. Plaintiff undertook a thorough inspection, finding dried feces, blood smears, mold, dust, rust, corrosion, food, dead skin cells and an inoperable emergency call button. Plaintiff complained to an unidentified staff member who was making rounds. This individual stated that he would investigate it, returning a short time later to place a meal tray in the "corroded" food slot. Plaintiff claims that he began to "respectively rant," stating that he would not eat in that cell. Plaintiff thereafter fashioned a signed announcing that he was on a hunger strike.

Sometime after this, Plaintiff began cooking noodles in his cell. When an unidentified staff member asked whether he was refusing to eat, Plaintiff answered that he would eat his own food, but not Jail food. The individual told Plaintiff that if he refused to eat, he would be placed on suicide watch. When Plaintiff was told he would be taken for medical observation, he refused to comply, and a sergeant and three other individuals responded. The sergeant told Plaintiff that refusing to eat was a threat of self-harm, requiring intervention. Plaintiff repeated that he was not refusing food, just Jail food. Plaintiff began eating his noodles to make the point.

The sergeant instructed staff to draw their tasers. At that point, Plaintiff relented, not wishing to get tased. He pleads, however, that he made "demands of my own." These were that pictures be taken of the condition of his cell and that he be provided video footage from the camera outside cell. The guards made several more threats, at which time Plaintiff pleads that he

neatly placed his belongings on the mattress and placed his hands through the food slot to be cuffed. Plaintiff was changed into a medical gown and escorted to medical observation cell #116.

Plaintiff claims that when he entered the cell the again notice the stench of urine and feces. Despite his requests to be placed elsewhere, Plaintiff remained in the cell for 72 hours. He noted that the cell had feces and blood smears on the doors and walls; as well as dust, mold, rust, corrosion, food, and dirt; with lime and calcium build-up around the water fixtures. Plaintiff did not eat for the 72 hours he was there, due to the filthy conditions. After the 72 hours of observation, Plaintiff was returned to cell. #113 and told that the cell had been cleaned. Plaintiff claims that while the most obvious fecal smears had been removed, some remained, as well as blood, dust, rust, corrosion, mold, and dead skin cell particles.

Plaintiff also complains that on February 16, 2021, he submitted a release requesting that it be signed by administration so that his prison trust fund ledgers could be forwarded to the Court. At 10:00 that same morning Plaintiff refused to lock down until his papers had been signed and returned to him. A sergeant repeated the order and Plaintiff again refused. At that point, a staff member grabbed the neck of Plaintiff's shirt, attempting to drag him. Plaintiff slipped out of the shirt, telling staff to keep their hands off him. Staff members attempted to drag Plaintiff to his cell, sweeping his legs out from underneath him. Several staff members then began to punch and push Plaintiff, one with his knee on Plaintiff's back. Another staff member tased Plaintiff who was thereafter handcuffed and placed on a concrete slab with a thin mattress.

Plaintiff pleads with little explanation that one of his hands was released from the cuffs. Plaintiff clams that the hand "jolted" and that a staff member responded by tasing him again. It is unclear, but Plaintiff might be alleging that he struck an officer, perhaps inadvertently, after the handcuff was released. Plaintiff claims that since this encounter, he has had digestive problems

3

and that his stomach "bubbles" after eating and he must immediately go to the bathroom. He has told officers of these symptoms but has not told medical staff. Plaintiff requests money damages.

## ANALYSIS

As Plaintiff was a pretrial detainee during the events at issue, his claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish only that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Here, Plaintiff pleads two discrete and unrelated claims. The first is that he was subjected to unconstitutional conditions of confinement on January 26, 2021 and several days thereafter. The second claim is that on February 16, 2021, he was subjected to excessive force and, possibly, deliberate indifference to a serious medical need. Plaintiff may not, however, assert unrelated claims in the same lawsuit. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *See Linton v. Godinez*, No. 16-00492, 2016 WL 3055264, at *2 (S.D. Ill. May 31, 2016). "Federal Rule of Civil Procedure 20 allows additional claims against separate defendants only if the additional claims arise 'out of the same

4

transaction, occurrence, or series of transactions or occurrences.'" *Id*. citing *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012).

In addition, the only named Defendant is the Jail which is not a "person" subject to suit under §1983. *Parmeley v. Williamson County Jail*, No. 19-00812, 2019 WL 6468212, at *2 (S.D. Ill. Dec. 2, 2019), *appeal dismissed sub nom. Parmeley v. Ray,* No. 19-3538, 2020 WL 3568238 (7th Cir. Feb. 13, 2020) (citing *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("[t]he 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); Wright *v. Porter County,* 2013 WL 1176199, * 2 (N. D. Ind. Mar. 19, 2013) ("the jail… is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) While Plaintiff may name the Sheriff or Sheriff's Department, he may not proceed against the Jail itself. The Knox County Jail is DISMISSED with prejudice.

Plaintiff's complaint fails for the additional reason that he pleads collectively against "staff" referring to an unidentified number of individuals. As a result, it is impossible to determine whether Plaintiff is pleading that Staff Member #1 engaged in one action while Staff Member # 2 engaged in another, or whether it was Staff Member #1 who engaged in several of the alleged violations. Allegations against an indeterminate number of unnamed individuals are too vague to state a claim or put any Defendant on notice of the claims against him. *See Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 283 F.3d 867, 872 (7th Cir. 2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001) ("[t]he essential function of a complaint under the civil rules…is to put the defendant on notice of the plaintiff's claim.")

5

Plaintiff will be given an opportunity to replead and is instructed that he is not to plead generally against staff, but is to identify Defendants by name, if possible. If Plaintiff does not know Defendants' names, he is to clearly plead all of his complaints about Officer #1 and to separately plead all of his complaints against Officer #2, identifying the way in which each Defendant allegedly violated his constitutional rights. Plaintiff's complaint is DISMISSED with leave to replead.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint to correct the deficiencies identified in this order. The pleading is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. Plaintiff is not to plead unrelated claims in one global complaint and is to plead against each Defendant in separate counts as provided in Fed. R. Civ. P. 10(b). Plaintiff is to avoid pleading against Defendants collectively. The failure to file the amended complaint will result in the dismissal of this action.

2. Plaintiff's Petition to proceed in forma pauperis [3] is RESERVED. The Clerk is to obtain Plaintiff's prison trust fund ledgers and proceed in the normal course. Plaintiff's Motion for Status [ECF 10] is rendered MOOT by this order.

  11/10/2021                                             s/Michael M. Mihm
ENTERED                                          MICHAEL M. MIHM
                                               UNITED STATES DISTRICT JUDGE